# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR. No. 01-172 |
| | ) | |
| ELLIS HARRIS | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION and ORDER

Defendant Ellis Harris has filed a motion seeking to be re-sentenced without regard to his career offender status, or in the alternative he seeks an evidentiary hearing prior to a re-sentencing hearing. Mr. Harris has titled his motion: "Independent Action Pursuant to Rule 60(D)(1) of the Federal Rule's of Civil Procedure Saving Clause Seeking Modification of Petitioner's Sentence on August 13, 2003, and/or Consideration In Light of the Numerous Supreme Court's Decision's, Regarding Sentencing Factor's Under 18 U.S.C. § 3553(a) That Warrant Departure's From the Career Offender Status, 4B1.1 of the U.S.S.G." (Doc. 27).

Initially, we note that Federal Rule of Civil Procedure 60(D)(1) pertains only to civil actions, not criminal actions. In his brief, Mr. Harris argues that he should be re-sentenced based on recent Supreme Court rulings, the fact that the Guidelines are now advisory only, the disparity of the Guidelines with respect to the crack to powder ratio, and because a downward adjustment to his career offender status is warranted in this case. More specifically, Mr. Harris argues that his career offender status overstates his criminal history, and that the court would have sentenced him differently if it were to sentence him under an

1

advisory Guideline system, a reduced crack to powder ratio, and under existing Supreme Court precedent.

Mr. Harris was sentenced on August 13, 2003, to a term of imprisonment of 188 months. He did not file an appeal; therefore his conviction became final on or about September 13, 2003. Mr. Harris also did not file any collateral relief petition.

We are without jurisdiction to revisit Mr. Harris' sentence. Mr. Harris' argument for a downward departure is an argument that is to be made under the Sentencing Guidelines prior to sentencing. In addition, Mr. Harris does not identify a new law that would benefit him and that expressly provides for retroactive application. Pursuant to section 109 of Title 1, also known as the "general savings statute," we must apply the penalties in place at the time the crime was committed, unless the new law expressly provides for retroactive application. 1 U.S.C. § 109 ("repeal of any statute shall not have the effect to release or extinguish any penalty ... incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty[.]").

Insofar as the Guidelines are considered advisory only, the United States Court of Appeals for the Third Circuit has held that this "new rule of criminal procedure" is not to be applied retroactively to prisoners whose judgment was final as of January 12, 2005, the date the United States Supreme Court issued its decision in United States v. Booker, 125 S.Ct. 738 (2005). United States v. Lloyd, 407 F.3d 608, 615-616 (3d Cir. 2005).

In addition the recently enacted Fair Sentencing Act contains no statement indicating that the Act is retroactive, and thus cannot be applied retroactively. See United States v. Glover, 2010 WL 4250060, *2 (2d Cir. Oct. 27, 2010); United States v. Carradine, 2010 WL 3619799, at *4-5 (6th Cir. Sept. 20, 2010); United States v. Bell, 2010 WL 4103700, at *10 (7th Cir. Oct. 20, 2010); United States v. Brewer, 2010 WL 4117368, n.7 (8th Cir. Oct. 21,

2010); and United States v. Gomes, 2010 WL 3810872, at *2 (11th Cir. Oct. 1, 2010) (per curiam).

Therefore, we will deny Mr. Harris' Motion.

AND NOW, to-wit, this __9th__ day of November, 2010 it is hereby ORDERED, ADJUDGED and DECREED that Mr. Harris' Motion (Doc. 27) be and hereby is DENIED.

*[signature]*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: counsel of record

Ellis Lee Harris, pro se
No. 07179-068
FCI Fairton
P.O. Box 420
Fairton, NJ  08320